UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul Raymond Jackson, | ) C/A No. 9:09-2707-JFA-BM |
| Plaintiff, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| Larry Powers, Warden Spartanburg County Jail, | ) |
| Defendants. | ) |

The plaintiff, Paul Raymond Jackson, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Franklin Correctional Institution, a facility of the North Carolina Department of Corrections (NCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names the "warden" of the Spartanburg County Detention Center as the sole defendant. Plaintiff claims he fell while jailed at the detention center and failed to receive appropriate medical care. The complaint fails to state a claim on which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v.*

*Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. at 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Additionally, as the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978).

Even when considered under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

2



## Background

The plaintiff is in prison in North Carolina, but files a complaint claiming an injury incurred while jailed in the Spartanburg County Detention Center, located in South Carolina. The complaint alleges that in June of 2009, Plaintiff fell down stairs and hurt his back and arm. Plaintiff claims that "when medical came in nurse got me by arm and told me there was nothing wrong with me." Compl. at 3. The complaint also alleges Plaintiff is currently receiving medical treatment through the North Carolina prison for his injuries. Plaintiff claims that the defendant "Mr. Powers is over the jail. His staff did not put me on a back board or see fit to even look at my back. The med. staff after haling in wheelchair hurt me even more." *Id.* The complaint requests that the defendant "pay for outside Dr.s to look at back and arm and fix them what every it takes and to take care of my pain." Compl. at 4.

## Discussion

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). Based on Plaintiff's allegations, this Court could have subject matter jurisdiction of this case under 28 U.S.C. § 1331, so-called "federal question" jurisdiction, if the complaint is considered as having been filed pursuant to 42 U.S.C. § 1983.[1] A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). However, § 1983 "'is not itself a

---

[1] Title 28 U.S.C. § 1331 succinctly provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."



3

source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

To claim a violation of a constitutional right under the facts asserted in the complaint, Plaintiff must allege facts to show that Powers was deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff makes no such allegations. Rather, Plaintiff's claim against Powers is based on the doctrine of respondeat superior, because he is asserting that the defendant is responsible for the actions of the employees of the jail. It is well-settled that liability under § 1983 cannot be based upon respondeat superior. *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). Similarly, the doctrine of vicarious liability is not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 & nn. 1-2 (4th Cir.1977). Hence, unless Plaintiff has alleged facts sufficient to show specific wrongdoing on the part of defendant Powers, which he has not alleged, Powers may not be held liable for the acts of others in a § 1983 action. *Monell v. Dep't of Social Servs.*, 436 U.S. at 694.; *Wetherington v. Phillips*, 380 F.Supp. 426, 428-429 (E.D.N.C.1974), aff'd, 526 F.2d 591 (4th Cir.1975); *Stubby v. Hunter*, 806 F.Supp. 81, 82-83 (D.S.C.1992). Plaintiff has failed to allege any personal connection between defendant Powers and the claimed denial of his constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d at 928-29. In fact, Plaintiff's complaint does not make any specific factual allegations



4

against any named individuals, including Powers.

Of course, supervisory officials may be held liable, in appropriate circumstances, for constitutional injuries inflicted by their subordinates. *Shaw v. Stroud*, 13 F.3d 701, 798 (4th Cir. 1994). However, certain criteria must be met before such liability can attach. The plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir 1999). Alleged training deficiencies for which a supervisory official is responsible, which cause harm, are also actionable. *Mitchell v. Aluisi*, 872 F.2d 577, 581 (4th Cir. 1989). However, Plaintiff's complaint contains no facts regarding Powers which would satisfy the above criteria. Rather, Plaintiff simply asserts that, since Powers was the manager at the jail, he should be held responsible for the actions of other jail employees. This is not the basis for liability under § 1983.

Finally, in as much as the complaint could be construed to allege negligence, just as "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner," neither does negligence. Negligence does not rise to the level of violation of a constitutional right; *Daniels v. Williams*, 474 U.S. 327 (1986) (Fourteenth Amendment does not apply to breach of duty of care); and a § 1983 action may not be "based alone on a violation of state law or on a state tort." *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988). Therefore, the complaint fails to state a § 1983 claim against defendant Powers.[2]

---

[2] State law claims can be considered under diversity jurisdiction. District courts have jurisdiction over civil actions where the amount in controversy exceeds seventy-five thousand dollars

5

## Recommendation

Accordingly, it is recommended that the complaint be dismissed *without prejudice* and without service of process on the defendant. Plaintiff may file a new complaint, asserting claims against proper party Defendants based on proper claims, if he so chooses.

Bristow Marchant
United States Magistrate Judge

December 8, 2009

Charleston, South Carolina

**The plaintiff's attention is directed to the important information on the next page.**

---

($75,000.00) and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The complaint does not allege diversity jurisdiction in this case, and such jurisdiction cannot be inferred from the facts set forth in the complaint. For diversity jurisdiction purposes, a prisoner's domicile is presumed to be where he was domiciled prior to incarceration, which is not pled in this case. *Roberts v. Morchower*, 956 F.2d 1163 (4th Cir. 1992) (Table). Rule 8(a) of the Federal Rules of Civil Procedure requires a pleading to state the grounds for the court's jurisdiction.

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



7