IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Paul Raymond Jackson, | ) | C/A No.: 9:09-2707-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Larry Powers, Warden of Spartanburg County Jail, | ) | |
| | ) | |
| Defendant. | ) | |

The *pro se* plaintiff, Paul Raymond Jackson, brings this action pursuant to 42 U.S.C. § 1983. He is an inmate at the North Carolina Department of Corrections. He contends that while he was jailed in South Carolina at the Spartanburg County Jail in June 2009, he fell and failed to receive appropriate medical care.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the complaint should be dismissed for failure to state a claim. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without the need for a hearing.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

The plaintiff was advised of his right to file specific objections to the Report and Recommendation. However, he has not done so within the time limits prescribed.

The Magistrate Judge properly notes that the case should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(I). The complaint does not make any specific factual allegations against any named individuals including defendant Powers, nor does it allege facts to show that Powers was deliberately indifferent to a serious medical need. Moreover, any contentions of liability based on respondeat superior or vicarious liability are not applicable in § 1983 actions. The Magistrate Judge also correctly notes that negligence does not rise to the level of a violation of a constitutional right.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

January 13, 2010                                       Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge